IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY ANDERSEN and KAREN ANDERSEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 12-1145-GPM ) |
| ANULEX TECHNOLOGIES, INC., PROTESTANT MEMORIAL MEDICAL CENTER, INC. d/b/a/ MEMORIAL HOSPITAL, WILLIAM W. SPRICH, and M.S.A. ALLIANCE, LLC, d/b/a NEUROLOGICAL SURGERY OF SOUTHERN ILLINOIS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court heard argument on Plaintiffs' motion to remand (Doc. 30) and after discussion on the record and review of the parties' very thorough briefing, the Court finds it is without federal subject matter jurisdiction. Plaintiffs' motion is **GRANTED** and this case shall be **REMANDED**.

Looking to the complaint, the Court finds that Plaintiffs have pleaded a garden variety section 402A Restatement (Second) of Torts state claim. *See Application of County Collector of County of Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir. 1996) ("To determine the presence or absence of federal question jurisdiction, we generally look no further than the allegations contained in the plaintiff's 'well-pleaded complaint.'"); *Franchise Tax Bd. V. Constr. Laborers*

*Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Hart v. Wal-Mart Stores Inc., Associates' Health and Welfare Plan,* 360 F.3d 674 (7th Cir. 2004); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-99 (1987). The complaint alleges that the device at issue was unreasonably dangerous (Doc. 2-1, p. 7). The complaint also implicates Federal Drug Administration regulations, and it may be that those regulations compromise a defense in the state case, but "a potential federal defense is not enough to create federal jurisdiction". *Chicago Tribune Co. v. Board of Trustees of University of Illinois,* 680 F.3d 1001, 1003 (7th Cir. 2012), *citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005). "[F]ederal courts do not have jurisdiction over every single case that turns on the resolution of a federal question." *Teamsters Nat. Automotive Transporters Negotiating Committee v. Troha,* 328 F.3d 325, 328 n.4 (7th Cir. 2003), *citing Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804 (1986). Such is the case here.

For the reasons articulated here, in Plaintiffs' briefing, and on the record, Plaintiffs' motion to remand (Doc. 30) is **GRANTED** and this case **REMANDED** to the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED**:  March 11, 2013

                                                      s/ *G. Patrick Murphy*
                                                      G. PATRICK MURPHY
                                                      United States District Judge